IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J RANCH PRODUCE, INC., ) | 1: 06-CV-1322 AWI GSA |
| Plaintiff, ) | ORDER DISMISSING ACTION |
| v. ) | FOR LACK OF PROSECUTION |
| JOSE CISNEROS and JC & SONS PRODUCE, ) | |
| Defendants. ) | |

## BACKGROUND

On September 19, 2006, Plaintiff filed the complaint in this action, alleging trademark infringement and related state causes of action.   Defendant did not file a responsive pleading. On February 20, 2007, the Clerk of the Court entered default.

When Plaintiff did not file a motion for entry of default judgment or any other motion with the court, on August 26, 2007, the Clerk of the Court issued a minute order that placed this matter on the court's September 24, 2007 calendar for a hearing on dismissal for lack of prosecution.  The minute order stated any opposition to dismissal was to be filed five court days prior to the hearing.

On September 17, 2007, Plaintiff's counsel filed a declaration in opposition to dismissal. Plaintiff's counsel represented that, despite diligent efforts, Plaintiff had been unable to identify a witness capable of providing testimony in support of an application for a default judgment.

1  Counsel represented that on September 6, 2007, Plaintiff had learned that a shipment of grapes
2  bearing Plaintiff's trademark and logo arrived at a warehouse in Porterville, California.
3  Plaintiff's counsel stated that an individual named Jose Robles was involved in the grape
4  shipment, and he had agreed to provide testimony that he had received the labels from
5  Defendant.   Plaintiff's counsel requested an additional sixty days to obtain testimony from Mr.
6  Robles and to file an application for default judgment.
7       In light of the September 17, 2007 declaration, on September 20, 2007, the court granted
8  Plaintiff's request for an extension and continued the hearing on dismissal for lack of prosecution
9  to November 26, 2007.   The court further ordered that Plaintiff file any application for default
10 judgment within sixty days.
11      Over sixty days have passed, and Plaintiff has not filed an application for default
12 judgment, not filed any additional opposition to dismissal for lack of prosecution, and not
13 contacted the court in any way.
14      On November 26, 2007, the court held a hearing concerning dismissal of this action for
15 lack of prosecution.   Neither Plaintiff nor his attorney were present when the case was called.

**LEGAL STANDARD**

17      A court may dismiss an action, with prejudice, based on a party's failure to prosecute an
18 action or failure to obey a court order. Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.
19 1992).   In determining whether to dismiss an action for lack of prosecution the court must
20 consider several factors, including: (1) the public's interest in expeditious resolution of
21 litigation;(2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4)
22 the public policy favoring disposition of cases on their merits; and (5) the availability of less
23 drastic alternatives. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995);  Ferdik, 963 F.2d at
24 1260-61.
25      At this time, the court finds that dismissal for Plaintiff's failure to prosecute is
26 appropriate. The public's interest in expeditiously resolving this litigation and the court's interest

in managing the docket weigh in favor of dismissal.   This action has been pending for one year. Default was entered in February 2007, and Plaintiff has not filed a request for default judgment since that time.   Plaintiff was ordered to file a motion for default judgment, and Plaintiff has failed to do so.   The court cannot manage its docket if it maintains cases in which a plaintiff has failed to litigate his case.   The public's interest in the expeditious resolution of litigation weighs heavily in favor of dismissal of such cases so that the court's limited resources may be spent on cases in which the litigant is actually proceeding.   Public policy favoring disposition of cases on their merits also has little or no weight in actions where the Plaintiff has been unable or unwilling to proceed with the action.  The availability of less drastic sanctions has been considered, but given that Plaintiff neither complied with the court's September 20, 2007 order nor otherwise contacted the court, the court has no effective sanction but to close the case.   Finally, any risk of prejudice to Defendants also weighs in favor of dismissal.    Default has already been entered against Defendants, and as such, it appears Defendants have no interest in litigating this action.

**ORDER**

    Accordingly, the court ORDERS that:

        1.    This action is DISMISSED for Plaintiff's failure to prosecute; and

        2.    The Clerk of the Court is DIRECTED to close the case.

IT IS SO ORDERED.

**Dated:   November 26, 2007**　　　　　　/s/ Anthony W. Ishii
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE